**IT IS ORDERED as set forth below:**

**Date: January 24, 2019**

_____

Jeffery W. Cavender
U.S. Bankruptcy Court Judge

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 18-63003-JWC |
| NICHOLE JACQUELLE ROSE-TURNER, | CHAPTER 7 |
| Debtor. | |

## ORDER

**THIS MATTER** is before the Court on the Motion to Re-Open Chapter 7 Case (Doc. No. 33) (the "Motion") filed by Debtor Nichole Jacquelle Rose-Turner ("Debtor") on December 12, 2018, in the above-captioned chapter 7 bankruptcy case (the "Bankruptcy Case"). Debtor also filed a request to waive the fee to reopen the case (Doc. No. 34) (the "Fee Waiver Application").

1

The Court held a hearing on the Motion on January 17, 2019 (the "Hearing").

Debtor filed this Bankruptcy Case on August 6, 2018 (the "Petition Date"). Debtor listed Chrysler Capital ("Chrysler") with mailing address P.O. Box 961278, Ft. Worth, TX 76161-1278 (the "Chrysler Address") in her initial list of creditors filed with her petition. *See* Doc. No. 1. The Court served a notice of the Bankruptcy Case on all creditors listed on the creditor list, including Chrysler at the Chrysler Address. *See* Doc. No. 13. Debtor filed her schedules on August 8, 2018. *See* Doc. No. 20. In Schedule A/B, Debtor scheduled an ownership interest in a 2017 Chrysler 200 (the "Vehicle") with a current value of $15,000. Debtor claimed her interest in the car as exempt on Schedule C. Debtor did not include Chrysler as a secured or unsecured creditor in either Schedule D or E/F. On September 12, 2018, however, Debtor filed an amended Schedule D (Doc. No. 27) that included Chrysler as a secured creditor, scheduling a claim of $22,322.88 secured by the Vehicle. Debtor included with Schedule D a certificate of service that she mailed the amended Schedule D to Chrysler at the Chrysler Address. On September 13, 2018, the chapter 7 trustee filed a report of no distribution. On November 27, 2018, the Court entered an order granting Debtor a discharge under section 727 of title 11 of the United States Code and closing the estate (Doc. No. 32) (the "Discharge Order"). The Court served the Discharge Order on Chrysler at the Chrysler Address. *See* Doc. No. 32.

At the Hearing, Debtor indicated that Chrysler repossessed the Vehicle subsequent to filing her Bankruptcy Case, to which she had no objection. She further indicated, however, that representatives of Chrysler continue to seek collection from her personally on a deficiency claim in connection with the Vehicle. Debtor filed the current Motion to reopen the Bankruptcy Case to remove the Vehicle from the property claimed as exempt on Schedule C because she was

2

concerned that inclusion of the Vehicle on Schedule C may have affected the discharge of Chrysler's claims against her personally.

Pursuant to § 350 of the Bankruptcy Code, the Court may reopen a bankruptcy case "to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b). Allowing Debtor to reopen the Bankruptcy Case to amend her Schedule C, however, will not accord her any relief.  Pursuant to § 727 of the Bankruptcy Code, "except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter . . . ."  11 U.S.C. § 727(b). There is no exception to discharge for debts related to property claimed as exempt by a debtor. The Court therefore finds no basis to reopen the Bankruptcy Case at this time because amending Schedule C will have no effect on whether Chrysler's claim against Debtor was discharged.[1]  This Order, however, is without prejudice to Debtor's right to seek to reopen the Bankruptcy Case if any creditor, including Chrysler, violates the Discharge Order or to seek any appropriate relief in the future.  Because the Court is denying the Motion to reopen the Bankruptcy Case, the Fee Waiver Application is moot.

Accordingly,

**IT IS ORDERED** that the Motion be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Fee Waiver Application is denied as moot.

The Clerk's Office is directed to serve a copy of this Order upon Debtor, the Chapter 7

---

[1] Upon review of the record, it appears to the Court that any claim Chrysler may have against Debtor personally in connection with the Vehicle was in fact discharged in her Bankruptcy Case.  The Motion filed by Debtor, however, does not ask the Court to determine whether Chrysler's claim was in fact discharged, and even if it did ask for such a determination, a review of the record shows that Debtor failed to serve notice of the Motion on Chrysler.  The Court therefore is not making any conclusive determination of whether Chrysler's claim was discharged.

3

Trustee, and all parties on the mailing matrix.

**END OF DOCUMENT**

4